**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1984
_____

UNITED STATES OF AMERICA

v.

KAREN BATTLE,
                              Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-08-cr-00442-003)
District Judge:  Honorable Gene E. K. Pratter
_____

Submitted Under Third Circuit LAR 34.1(a)
March 10, 2011
_____

Before:  SCIRICA, AMBRO and VANASKIE, <u>Circuit Judges</u>

(Opinion Filed:  April 7, 2011)

_____

OPINION OF THE COURT
_____

VANASKIE, <u>Circuit Judge</u>.

        A jury found Karen Battle guilty of credit card fraud, conspiracy to commit credit

card fraud, and aggravated identity theft.  The District Court sentenced Battle to thirty-six

months' imprisonment. Battle now appeals her conviction and sentence. For the reasons that follow, we will affirm the Judgment of the District Court.

I.

As we write only for the parties, who are familiar with the facts and procedural history of this case, we relate only those facts necessary to our analysis.

Over the course of several months in 2006, a group of individuals carried out a scheme to steal credit cards. The thieves rented vehicles and drove them through parking lots of outdoor recreation areas, knowing that people were likely to have left their wallets and pocketbooks in their cars while they exercised. The individuals broke into cars, stole credit cards, and used them to buy merchandise from various retail stores. They kept some merchandise for themselves, and they sold other items to a fence.

A grand jury returned an eleven-count indictment charging Battle and four others with credit card fraud, conspiracy to commit credit card fraud, and identity theft. Each of the defendants except Battle pleaded guilty to conspiracy, one count of credit card fraud, and one count of identity theft. Battle, however, maintained her innocence. At her trial, the government presented records showing that Battle rented minivans and sport utility vehicles for one to three weeks at a time while the robberies were taking place. One of Battle's co-defendants, Daniel Duncan, testified that he and other defendants used these vehicles to roam parking lots in search of cars from which to steal credit cards. Although Duncan stated that Battle did not accompany him on these trips, he did testify that Battle knowingly participated in the scheme. For example, he stated that Battle supplied a tinted license plate cover so that their vehicles would be more difficult to identify.

2

Duncan also testified that Battle used one stolen card to go shopping for herself, and that on other occasions she asked another co-defendant to purchase merchandise for her using stolen cards.

Another co-defendant, Ulonda Lewis, also testified that Battle rented vehicles in furtherance of the conspiracy. Unlike Duncan, however, Lewis recalled one occasion when Battle was present while Lewis and another co-defendant roamed parking lots and broke into vehicles. Lewis also recalled Battle accompanying her when she went to a fence to get cash. Lewis further testified that she and Battle went shopping together with stolen credit cards. Store surveillance videos showed Lewis and Battle shopping together at Bloomingdale's, one of the stores at which stolen cards were used.

Battle testified and admitted that she used one of the stolen credit cards, but she maintained that she did not know it was stolen and that Lewis gave her permission to use the card. Battle admitted that she shopped at Nordstrom on the same days that another victim's card was used there, and that she shopped at other stores where the card was also used. Battle denied, however, that she ever used that card.

The jury found Battle guilty of four offenses: one count of credit card fraud conspiracy in violation of 18 U.S.C. § 1029, two counts of credit card fraud, including attempting and aiding and abetting, in violation of 18 U.S.C. § 1029 and 18 U.S.C. § 2, respectively, and one count of aggravated identity theft, including attempting and aiding and abetting, in violation of 18 U.S.C. § 1028A and 18 U.S.C. § 2, respectively. The jury found Battle not guilty of two other counts of credit card fraud.

The Sentencing Guidelines provided a range of twenty-seven to thirty-three months' imprisonment for the conspiracy and credit card fraud convictions. The aggravated identity theft conviction carried a statutory minimum prison sentence of twenty-four months, to be served consecutive to the term of imprisonment for the other convictions. The District Court sentenced Battle to twelve months' imprisonment for conspiracy and credit card fraud, plus twenty-four months' imprisonment for identity theft, for a total prison term of thirty-six months. In arriving at this sentence the District Court considered, among other things, Battle's educational background, her family status, and the likelihood that Battle would commit future crimes. Battle now appeals her conviction and sentence.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## A.

Battle argues that the government did not present sufficient evidence to support a finding of guilt on the credit card fraud and identity theft charges. Our review of the sufficiency of the evidence is especially deferential:

> It is not for us to weigh the evidence or to determine the credibility of the witnesses. Rather, we must view the evidence in the light most favorable to the government, and will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Thus, a claim of insufficiency of the evidence places a very heavy burden on an appellant.

4

*United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (citations and internal quotation marks omitted).

A person is guilty of fraud if she "knowingly and with intent to defraud effects transactions, with 1 or more access devices issued to another person or persons, to receive payment or any other thing of value during any 1-year period the aggregate value of which is equal to or greater than $1,000." 18 U.S.C. § 1029(a)(5). A credit card is one type of "access device." *See id.* § 1029(e)(1). Battle asserts that the government presented "absolutely no evidence" to prove that she violated the credit card fraud statute. (Appellant's Br. at 11.) On the contrary, Battle herself admitted at trial that she used one of the victim's credit cards at Bloomingdale's on October 2, 2006. Store surveillance video confirmed Battle's presence at Bloomingdale's on that day. The victim's card incurred well over $1,000 in charges. The jury rejected Battle's testimony that she had permission to use this card, and we will not reconsider the jury's assessment of Battle's credibility.

The jury also found Battle guilty of fraud with respect to a second victim's credit card. Battle admitted that she shopped at several of the same stores where this card was used. Battle further admitted that she shopped at Nordstrom on September 29 and October 2, 2006, the same days the victim's card was used there. This card incurred more than $1,000 in fraudulent charges. Although Battle denied ever using this card, the jury did not find her testimony credible. Again, we will not disturb the jury's finding.

Battle also challenges her conviction for identity theft. A person commits identity theft if, "during and in relation to" the commission of credit card fraud under 18 U.S.C.

§ 1029, she "knowingly transfers, possesses, or uses, without lawful authority, a means of identification." 18 U.S.C. § 1028A(a)(1). An access device such as a credit card qualifies as a "means of identification." *See id.* § 1028(d)(7)(D).

Battle asserts that the government did not prove that she "knew that the means of identification at issue belonged to another person." (Appellant's Br. at 9.) The government, however, presented evidence sufficient to prove that she knowingly used other people's credit cards. As noted above, Battle admitted that she used one of the victim's cards, and the jury rejected Battle's dubious claim that Lewis gave her lawful authority to use the card. Viewing this evidence in the light most favorable to the government, we cannot say that the jury irrationally found Battle guilty of identity theft.

B.

Battle also challenges the procedural reasonableness of her sentence. We review Battle's sentence for abuse of discretion. *See United States v. Kulick*, 629 F.3d 165, 168 (3d Cir. 2010). "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007). Battle asserts, without elaborating, that the District Court failed to consider Battle's "individual circumstances" in determining her sentence. (Appellant's Br. at 14.)

The record belies Battle's assertion. At the sentencing hearing, the District Court considered many of Battle's individual characteristics, including her employment background and career aspirations, her lack of a criminal record, and the fact that she had a teenage son. In light of these characteristics, the District Court arrived at a sentence

6

that was fifteen months less than the low end of the guideline ranges.  The District Court did not commit procedural error or abuse its discretion in imposing sentence.

III.

In sum, the evidence supported Battle's conviction, and her sentence was procedurally sound.  Accordingly, we will affirm the Judgment of the District Court.